UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                  :
GARY CHAMPION,                    :      Civil Action No. 08-5099 (MLC)
                                  :
              Petitioner,         :
                                  :
         v.                       :           MEMORANDUM & ORDER
                                  :
UNITED STATES OF AMERICA,         :
                                  :
              Respondent.         :
                                  :
```

This matter coming before the Court by way of Respondent's

motion [docket entry no. 8] seeking dismissal of the Petition

[docket entry no. 1], and it appearing that:

1.  On October 15, 2008, Petitioner filed the Petition for a

Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging

the execution of his sentence.  While Petitioner did not submit

his filing fee of $5.00 or his application to proceed in forma

pauperis pursuant to 28 U.S.C. § 1915, his Petition arrived

accompanied by his cover letter [docket entry no. 1-2], which

clarified that Petitioner was confined at the Southern State

Correctional Facility, P.O. Box 150, Delmont, New Jersey, 08314.

2.  On November 17, 2008, this Court issued an order [docket

entry no. 2, hereinafter "November Order"] directing Respondent

to answer the Petition and, in addition, ordering Petitioner to

submit his filing fee or a duly executed application to proceed

in this matter in forma pauperis.  The Clerk duly served the

November Order upon Respondent and Petitioner, sending the

Petitioner's mailing to "Gary Champion, Southern State

Correctional Facility, P.O. Box 150, Delmont, New Jersey, 08314."

3.  On November 26, 2008, a copy of the November Order sent

to Petitioner was returned to the Clerk with a notation reading,

"RETURN TO SENDER - ITEM REFUSED FOR:  -- No inmate/Number

(Invalid)."  See docket entry no. 4.  The Court, therefore,

conducted its own review of the records maintained by the New

Jersey Department of Corrections and determined that, according

to the records, Petitioner was still confined at the Southern

State Correctional Facility.

4.  On December 2, 2008, the Court received Respondent's

letter [docket entry no. 5] seeking permission to move for

dismissal of the Petition (on the grounds of Petitioner's failure

to name the proper respondent) instead of filing an answer to the

Petition.  The letter pointed out that Petitioner names, as

Respondent in this action, the United States of America, while

> it is evident that [P]etitioner . . . seeks an order
> from the Court requiring that the New Jersey Department
> of Corrections (which presently holds [P]etitioner in
> confinement at the Southern State Correctional
> Facility[,] where he is serving a state[-]imposed
> custodial period), transfer custody of [P]etitioner to
> the Federal Bureau of Prisons, where [P]etitioner
> desires to commence serving a custodial federal
> sentence imposed upon him by this Court.

Docket entry no. 5, at 1.

5.  The content of the Petition allowed for a reading that

either the state or the federal authorities, or both, had erred

2

in determination of the sovereign having primary custody over Petitioner for the purposes of proper execution of Petitioner's state and federal sentences.  While Habeas Rule 2(a) provides that, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody," Habeas Rule 2(b) clarifies that, "[i]f the petitioner is not yet in custody--but may be subject to future custody--under a state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."  In light of the language of the Rule, the Court concluded that dismissal of Petitioner's claims against federal defendants on the grounds of a minor technical deficiency would be imprudent and not in the interests of justice; rather, the technical deficiency of the Petition would be best cured by addition of proper respondents.

6.  Consequently, on December 8, 2008, this Court issued a Memorandum and Order ("December Order") directing Petitioner to: (a) amend his Petition; and (b) submit his filing fee of $5.00 or his application to proceed in this matter in forma pauperis, within thirty days from the date of entry of the December Order.[1]

---

[1] In no ambiguous terms, the December Order notified Petitioner that, in the event Petitioner fails to submit an amended petition and his filing fee (or his in forma pauperis application), his Petition will be dismissed.  See docket entry no. 7, at 5.

See docket entry no. 7.  In addition, Petitioner directed the Clerk to amend the docket in the instant matter by adding Petitioner's SBI number to Petitioner's address, in order to ensure that the Clerk's mailing of a copy of the December Order would be delivered to Petitioner.  Finally, the Court granted Defendant leave to move to dismiss the Petition for lack of jurisdiction in the event Petitioner fails to duly amend his Petition (by adding proper respondents) within the time allocated in the December Order.  See id.

7.  The Clerk entered the Court's December Order on December 9, 2008.  Therefore, Petitioner was allowed until close of business on January 8, 2009, to submit an amended petition, together with his filing fee or his in forma pauperis application.[2]  See id.

8.  As of the date of this Order, that is, more than three months since the entry of the Court's December Order, Petitioner failed to file his amended petition (naming proper defendants).  Moreover, Petitioner neither submitted his filing fee (or his in forma pauperis application) nor contacted this Court in any other fashion.  However, the Court follow-up review of the records maintained by the New Jersey Department of Corrections indicated

---

[2] A few hours after the entry of the Court's December Order, and thirty days prior to the time when such action was allowed by the Court, Respondent renewed its motion to dismiss the Petition for lack of jurisdiction.

that, as of March 9, 2009, Petitioner continued to be confined at the Southern State Correctional Facility.

9.  In light of the foregoing, Petitioner's failure to submit his filing fee or a duly executed application to proceed in this matter in forma pauperis indicates lack of Petitioner's interest in prosecution of the instant matter.  The Court, however, cannot rule out the possibility that: (a) a change in Petitioner's address had actually taken place (hence, causing non-delivery of the Court's November Order) even though this fact was not reflected in the records maintained by the New Jersey Department of Corrections; and (b) Petitioner's failure to submit an amended complaint and his filing fee (or his in forma pauperis application) was a result of the Petitioner being unaware of the Court's November Order and December Order.

IT IS THEREFORE on this      10th      day of March, 2009,

ORDERED that this matter is **ADMINISTRATIVELY TERMINATED** for lack of prosecution; and it is further

ORDERED that Respondent's motion (docket entry no. 8) is **DENIED WITHOUT PREJUDICE**; and it is further

ORDERED that if, within 180 days from the date of entry of this Order: (a) Petitioner files a written statement clarifying the circumstances of Petitioner's failure to respond to the Court's November Order and December Order; (b) Petitioner submits

either his filing fee of $5.00 or his duly executed application to proceed in this matter in forma pauperis; and (c) Petitioner files either his amended petition naming, as Respondent in this action, "United States Attorney General,"[3] or a written statement requesting termination of Respondent "United States of America" and adding "United States Attorney General" as a new Respondent in this action, the Court will enter an order directing the Clerk to reopen this matter and will also direct the newly designated Respondent to answer the Petition; and it is further

 **ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner, together with a blank application to proceed in forma pauperis and a blank § 2241 petition; such service shall be executed by certified mail, return receipt requested; and it is finally

 **ORDERED** that the Clerk shall **CLOSE** the file in this matter.

         s/ Mary L. Cooper
         **MARY L. COOPER**
         United States District Judge

---

[3] Petitioner may, if he so chooses, also add the warden of his current place of confinement as an additional Respondent in this matter.  Petitioner, however, must name the United States Attorney General as a Respondent in the event he wishes to prosecute this § 2241 action.